

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00229-CR

_____

ROHIT POLAVARAPU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court Number Nine
Tarrant County, Texas
Trial Court No. 1573689; Honorable Brent A. Carr, Presiding

August 2, 2019

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Rohit Polavarapu appeals his conviction for driving while intoxicated.[1] The trial court sentenced Appellant to ninety days confinement in Tarrant County Jail; however, it suspended the sentence in favor of community supervision for eighteen months. Appellant gave timely notice of appeal. The appellate record is due September

---

[1] TEX. PENAL CODE ANN. § 49.04 (West Supp. 2018).

4, 2019.  Now pending before the court is the *Motion to Withdraw as Attorney of Record* filed by Appellant's retained counsel, Mr. Abe Factor.  In the motion, counsel states that there is a conflict of interest between Appellant and counsel.  Pursuant to Rule of Appellate Procedure 6.5, counsel's motion to withdraw is granted and he is relieved as Appellant's attorney of record.

Because Appellant may be indigent and entitled to appointed counsel, we abate the appeal and remand the cause to the trial court for further proceedings.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2018).  Upon remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent and entitled to the appointment of appellate counsel; and

(3)     whether Appellant is entitled to have the clerk's record and reporter's record furnished without charge.

Should it be determined that Appellant wants to continue the appeal, is indigent, and entitled to appointed counsel, the name, address, email address, telephone number, and State Bar of Texas identification number of newly-appointed counsel shall be provided to the clerk of this court.  The trial court shall execute findings of fact, conclusions of law, and any necessary orders addressing the foregoing subjects.  The trial court shall also cause to be developed (1) a clerk's record containing the findings of fact, conclusions of law, and any necessary orders and (2) a reporter's record transcribing the evidence and argument presented at any hearing held.  The trial court shall cause the supplemental record to be filed with the clerk of this court on or before August 30, 2019.

It is so ordered.

Per Curiam

Do not publish.